UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| South Carolina Baseball Club L.P. d/b/a The Charleston RiverDogs,<br><br>Plaintiff,<br><br>v.<br><br>Riverdog Moving LLC,<br><br>Defendant. | Civil Action No. 2:25-cv-12835-BHH<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff South Carolina Baseball Club L.P. d/b/a The Charleston RiverDogs alleges and states as follows:

**PARTIES**

1. Plaintiff South Carolina Baseball Club L.P. d/b/a The Charleston RiverDogs ("RiverDogs") is a limited partnership formed under the laws of the State of South Carolina which maintains a principal office in Charleston County, South Carolina.

2. Defendant Riverdog Moving LLC ("Defendant") is, upon information and belief, a limited liability company formed under the laws of the State of South Carolina which, upon information and belief, maintains a principal office in Charleston County, South Carolina.

**JURISDICTION AND VENUE**

3. As is more fully set forth below, this action arises out of Defendant's willful and knowing infringement of the RiverDogs' intellectual property rights, including but

1

not limited to those arising out of the RiverDogs Trademarks, as defined herein. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as a substantial component of the RiverDogs' claims arise under federal law. Moreover, this Court has supplemental subject matter jurisdiction pursuant 28 U.S.C. § 1367 over the other, related claims arising out of this same case or controversy asserted herein which do not arise under federal law.

4. As is more fully set forth below, Defendant has willfully and knowingly infringed upon the RiverDogs' intellectual property rights, including but not limited to those afforded to the RiverDogs through the RiverDogs Trademarks, within Charleston County, South Carolina. Also, Defendant purposefully avails itself of business opportunities in Charleston County, South Carolina, promoting itself as "Charleston's Premier Moving Company," and, upon information and belief, Defendant maintains its principal place of business in Charleston County, South Carolina. Accordingly, this Court has personal jurisdiction over all parties to this action.

5. For the reasons identified in Paragraphs 3 and 4 above, venue is proper in this Court under, *inter alia*, 28 U.S.C. § 1391, as a substantial part of the events giving rise to the RiverDogs' claims occurred in this Court's division and, upon information and belief, Defendant maintains its principal place of business at a location in this Court's division.

## FACTUAL BACKGROUND

A. **The RiverDogs, the RiverDogs Trademarks, and the RiverDogs' Other Intellectual Property Rights**

6. Charleston, South Carolina's rich history includes a longstanding association with the game of baseball.

7. The RiverDogs are the most recent, continuously operating professional baseball team headquartered in Charleston. Specifically, the RiverDogs are a Minor League Baseball team operating as a Single-A affiliate of the Tampa Bay Rays.

8. The RiverDogs, originally named the Charleston Royals, formed as a team in or about 1980.

9. Subsequently, in or about 1985, the Charleston Royals changed its name to the Charleston Rainbows.

10. Finally, in or about 1994, the Charleston Rainbows changed its name to The Charleston RiverDogs. The term "RiverDogs", in this form, was an entirely original creation, not commonly used in reference to any person, place, or thing. Upon information and belief, The Charleston RiverDogs was the first to use the term "RiverDog(s)" in this form or as a proper noun. Moreover, upon information and belief, no other professional sports team or organization used the term "RiverDog(s)" in any format prior to or since The Charleston RiverDogs established its name.

11. At or about that same time, the RiverDogs applied for formal trademark registration of the term "RIVERDOGS" in any font style, color, or size with the United States Patent and Trademark Office ("USPTO").

12. The RiverDogs registered trademarks in the term "RIVERDOGS" in any font style, color, or size with the USPTO on or about the months of August to September of 1995 ("RiverDogs Trademarks").

13. The RiverDogs Trademarks are in full force and effect, and the RiverDogs' exclusive rights to the RiverDogs Trademarks have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of federal trademark registration certificates for the RiverDogs Trademarks are attached hereto as **Exhibit 1**.

14. Since 1994, the RiverDogs have continuously operated under its name, which is protected by the RiverDogs Trademarks and other intellectual property rights.

15. Additionally, the RiverDogs' name is unique and specifically identifiable.

16. Since 1994, the RiverDogs have, within Charleston County, South Carolina and on a nationwide scale, marketed its name in commerce on objects such as, without limitation, its stadium, goods, apparel, merchandise, tickets, and in all other aspects of its team identity and operation. Furthermore, the RiverDogs operate a truck emblazoned with the RiverDogs' name and logo which travels around and operates in the Charleston, South Carolina area.

17. The RiverDogs have invested significant time, energy, and money developing, advertising, marketing, and promoting the RiverDogs' name, reputation, and goodwill within Charleston County, South Carolina and across a broader geographic scope, including across the nation as a team within a national baseball league.

18. Such efforts have resulted in widespread awareness and favor among Charleston County residents and visitors alike, in addition to others across the state and the nation.

19. Upon information and belief, no other professional sports team, or any other organization or entity of any kind, uses, or has used, the name "Riverdog" in any form.

20. The RiverDogs' logo employs (i) a color scheme involving certain types of navy blue, gold, white, and grey, (ii) a unique font, and (iii) a golden or yellow dog, all prominently associated with the name "RiverDogs".

21. For reference, an example of the RiverDogs' logo, in one of its forms, is set forth below:



22. The RiverDogs enjoy intellectual property protection in its logo, including the logo's components, in addition to the RiverDogs Trademarks.

**B.     Defendant's willful violation of the RiverDogs Trademarks and Other Intellectual Property Rights of the RiverDogs**

23. Upon information and belief, on or about February 28, 2022, Defendant formed as a South Carolina limited liability company under the name "Riverdog Moving

LLC" and, shortly thereafter, began conducting business in and around Charleston County using the name "Riverdog Moving".

24.     In describing its business to prospective customers, Defendant advertises itself as a leading "team"[1] in the Charleston, South Carolina community. This descriptor is not only misleading but also a blatant attempt to conflate Defendant's moving business with the RiverDogs' well-known baseball operations in Charleston, thereby trading on the RiverDogs' reputation and goodwill.

25.     The RiverDogs first became aware of Defendant's existence, and Defendant's infringement on the RiverDogs Trademarks and other intellectual property rights, on or about August 6, 2023.

26.     By using the term "Riverdog" in its name, especially in and around Charleston County, South Carolina—the heart of the RiverDogs' primary operating territory—Defendant infringed upon the RiverDogs Trademarks and the RiverDogs' other intellectual property rights.

27.     Additionally, Defendant's logo blatantly infringes upon the RiverDogs' intellectual property rights. Defendant's logo employs (i) a color scheme drawn to look like the RiverDogs', involving certain types of navy blue, gold, and white; (ii) a font substantially similar to that of the RiverDogs; and (iii) a gold or yellow dog face like the RiverDogs.

28.     For reference, an example of Defendant's logo, in one of its forms, is set forth below:

---

[1] *See, e.g., Riverdog Moving,* https://riverdogmoving.com/ (last visited September 17, 2025).

RIVERDOG MOVING
EST 2022

29. Defendant's name and logo appear, among other places, on its website, marketing materials, uniforms for its employees (including, among possible other materials and apparel, t-shirts and polo shirts)², and moving trucks which can be, and have frequently been, seen in and around Charleston County including, without limitation, areas immediately adjacent to the ballpark in which the RiverDogs conduct professional baseball games and on routes traveled by the RiverDogs truck.

30. Defendant's name and logo have led some individuals in the Charleston County community, including but not limited to certain employees, consumers, and fans of the RiverDogs, to believe that the RiverDogs own, operate, endorse, sponsor, or are otherwise associated with Defendant.

31. By using the term "Riverdog" in its name and by operating under that name in and around Charleston County—the heart of the RiverDogs' primary operating territory—and especially by using a substantially similar logo (with a similar font, color

---

² Of particular note, the RiverDogs Trademarks encompass federal trademark rights in its name in Trademark Class 25, covering clothing items including, without limitation, t-shirts and polo/golf shirts.

scheme, and dog) as the RiverDogs, Defendant has unjustly enriched itself by capitalizing on the RiverDogs' established reputation and goodwill without authorization.

32. By using the term "Riverdog" in its name and by operating under that name in and around Charleston County, especially by using a substantially similar logo (with a similar font, color scheme, and dog) as the RiverDogs, Defendant jeopardizes the RiverDogs' goodwill and dilute the distinctiveness of the name and the RiverDogs Trademarks while simultaneously profiting from the marketplace confusion created by Defendant's conduct.

33. By using and exploiting a substantially similar logo (with a similar font, color scheme, and breed of dog) as the RiverDogs, Defendant's use of, and potential for jeopardizing, the RiverDogs' goodwill, and the potential for diluting the RiverDogs' trademark rights, is increased.

34. Defendant has not asked for, and does not have, a license or any other permission to use the term "Riverdog" in its name.

35. Defendant is aware of the RiverDogs' exclusive rights to the RiverDogs Trademarks, the RiverDogs' other intellectual property rights in the term "Riverdog", the RiverDogs' logo, and the RiverDogs' objection to Defendant's use of the term "Riverdog" in Defendant's name. Indeed, Defendant acknowledged to the RiverDogs and third parties the similarity between its proposed marks and those of the RiverDogs but nevertheless refused to change its name. Defendant willfully continues to operate under its infringing name and infringing logo with a conscious disregard for the RiverDogs' rights, intending to misappropriate the RiverDogs' goodwill.

36. Defendant's conduct is likely to cause, and has already caused, consumers, RiverDogs employees, and others in the Charleston community or elsewhere across the state or the nation to mistakenly believe that the RiverDogs own, operate, endorse, sponsor, or are otherwise associated with Defendant.

37. Defendant's conduct has harmed, and will continue to harm, perhaps irreparably, and has diluted the distinctive quality of, the RiverDogs Trademarks and other intellectual property rights of the RiverDogs.

38. Additionally, despite being on notice of Defendant's infringing use of the term "Riverdog" and its infringing logo, Defendant compounded its misconduct by filing, as of July 21, 2025, a request with the USPTO seeking registration for the term "Riverdog Moving".  A true and correct copy of such application is attached hereto as **Exhibit 2**. This deceptive filing underscores Defendant's intent and efforts to misappropriate the RiverDogs' goodwill and to further confuse consumers.

### FOR A FIRST CAUSE OF ACTION
### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

39. The RiverDogs repeat and reallege the allegations set forth in the preceding paragraphs as though set forth herein verbatim.

40. The RiverDogs exclusively own the valid, registered RiverDogs Trademarks which remain in full force and effect and cover the term "RIVERDOGS" in any font style, color, or size.

41. Defendant has used the term "Riverdog" in its name and on its marketing materials in commerce for Defendant's financial gain.

42. The RiverDogs did not consent to or otherwise authorize Defendant's use of the term "Riverdog", and Defendant does not otherwise have permission to use the term "Riverdog".

43. Defendant is aware of the RiverDogs Trademarks, so Defendant's conduct is willful, reflecting Defendant's intent to misappropriate the RiverDogs' goodwill.

44. Defendant's use of the term "Riverdog" has caused actual confusion as to Defendant's association with, receipt of permission from, sponsorship or endorsement by, or other affiliation with the RiverDogs.

45. Defendant's continued use of the term "Riverdog" is likely to cause further confusion as to Defendant's association with, receipt of permission from, sponsorship or endorsement by, or other affiliation with the RiverDogs.

46. Through the unauthorized use of the term "Riverdog" in derogation of the RiverDogs Trademarks, Defendant is unfairly benefiting from and misappropriating the RiverDogs' goodwill and reputation and has been unjustly enriched through profits derived from such infringement.

47. Defendant's acts have caused, and will continue to cause, injury, perhaps irreparable injury, to the RiverDogs. The RiverDogs have no adequate remedy at law and are thus damaged in an amount not yet determined. Moreover, the RiverDogs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## FOR A SECOND CAUSE OF ACTION
### (Trademark Infringement, False Designations of Origin and False Descriptions and Representations Under the Lanham Act, 15 U.S.C. § 1125(a))

48. The RiverDogs repeat and reallege the allegations set forth in the preceding paragraphs as though set forth herein verbatim.

49. Defendant's unauthorized use in commerce of the term "Riverdog" in its name, under these facts and circumstances, including in conjunction with Defendant's logo, constitutes a word, term, or name that is likely to cause, and has already caused, confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with the RiverDogs and as to the origin, sponsorship, or approval of Defendant's use of the term "Riverdog" in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendant has actual knowledge of the RiverDogs' prior use and ownership of the RiverDogs Trademarks and the RiverDogs' use of the "RiverDogs" name. Accordingly, Defendant's conduct is willful as Defendant is intentionally attempting to exploit the RiverDogs' goodwill.

51. Defendant has been unjustly enriched by the profits realized from its unauthorized use of the RiverDogs' Trademarks and confusingly similar logo, and equity requires that such profits be disgorged to the RiverDogs.

52. Defendant's wrongful acts will continue unless enjoined by this Court.

53. Defendant's acts have caused, and will continue to cause, injury, perhaps irreparable injury, to the RiverDogs. The RiverDogs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## FOR A THIRD CAUSE OF ACTION
(Trademark Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

54. The RiverDogs repeat and reallege the allegations set forth in the preceding paragraphs as if set forth herein verbatim.

55. The RiverDogs exclusively own the RiverDogs Trademarks.

56. The RiverDogs Trademarks are famous and distinctive within the meaning of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before Defendant began infringing upon the RiverDogs Trademarks.

57. The RiverDogs Trademarks are famous, within the meaning of the Lanham Act, 15 U.S.C. § 1125(c), because, among other things: (1) the RiverDogs Trademarks have been used continuously and exclusively by the RiverDogs since approximately 1994; (2) the RiverDogs have extensively and continuously advertised and publicized the RiverDogs Trademarks across broadcast, print, digital and social media platforms, reaching millions of consumers nationwide, since approximately 1994, making them highly recognizable among national consumers; (3) since approximately 1994, the RiverDogs have used and advertised the RiverDogs Trademarks in a broad geographical scope in relation to its standing as a Minor League Baseball team (which league operates on a nationwide scale) most recently as an affiliate of the Major League Tampa Bay Rays of Hillsborough County, Florida; (4) the RiverDogs have engaged in sales of merchandise and apparel bearing the RiverDogs Trademarks across the United States; (5) the RiverDogs and its brand enjoy substantial media coverage, including, without limitation, on ESPN and other national broadcasts, further reinforcing the fame and public association of the RiverDogs Trademarks with the RiverDogs; and (6) the RiverDogs have

obtained federal trademark registrations for the RiverDogs Trademarks, which are valid, subsisting, and incontestable.

58. Nearly three decades after the RiverDogs registered the RiverDogs Trademarks and began operating under the name, Defendant began using the term "Riverdog" in its name, alongside a logo substantially similar to that of the RiverDogs, without the RiverDogs' authorization which misappropriated the RiverDogs' goodwill.

59. Defendant's use of the term "Riverdog" in its name, particularly alongside Defendant's use of a logo substantially similar to that of the RiverDogs within and directly targeting the RiverDogs' primary operating territory, dilutes and/or is likely to dilute the distinctive quality of the RiverDogs Trademarks and to lessen the capacity of such mark to identify and distinguish the RiverDogs.

60. Defendant's use of the term "Riverdog" in its name, particularly alongside Defendant's use of a logo substantially similar to that of the RiverDogs, will tarnish the RiverDogs Trademarks and the name "RiverDogs" and cause blurring in the minds of consumers on the distinctiveness of the RiverDogs Trademarks and its exclusive association with the RiverDogs, thereby substantially lessening the value of the RiverDogs Trademarks as a unique identifier of the RiverDogs and its goodwill.

61. Defendant has actual and direct knowledge of the RiverDogs' prior use and exclusive ownership of the RiverDogs Trademarks. Accordingly, Defendant's conduct is willful as Defendant is intentionally attempting to exploit the goodwill of the RiverDogs.

62. Through the acts described herein, Defendant has intentionally and willfully diluted, and/or is likely to dilute, the distinctive quality of the famous RiverDogs Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

63. Defendant's wrongful acts will continue unless enjoined by this Court.

64. Defendant's acts have caused, and will continue to cause, injury, perhaps irreparable injury, to the RiverDogs. The RiverDogs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## FOR A FOURTH CAUSE OF ACTION
**(Violation of the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10, *et seq.*)**

65. The RiverDogs repeat and reallege the allegations set forth in the previous paragraphs as if set forth herein verbatim.

66. Defendant's actions described herein constitute unfair methods of competition, and/or unconscionable, deceptive, or unfair acts or practices in violation of the laws of the State of South Carolina, including South Carolina's Unfair Trade Practices Act, S.C. Code §§ 39-5-10, *et seq.* ("SCUTPA").

67. By unlawfully infringing on the RiverDogs' intellectual property rights, including but not limited to those afforded by the RiverDogs Trademarks and the RiverDogs' logo, through Defendant's use of the term "Riverdog" in its name and its use of its logo substantially similar to that of the RiverDogs, Defendant is unfairly competing with the RiverDogs in violation of the SCUTPA.

68. The RiverDogs have suffered damages as a result of Defendant's unlawful trade practices and unfair methods of competition and unfair acts.

69. Defendant's unlawful trade practices have had an adverse impact on the public interest as Defendant's name and logo falsely suggests to the public that Defendant is associated with the RiverDogs.

70. Moreover, Defendant's unlawful trade practices have the potential for repetition because they have occurred on multiple occasions in the past (and are ongoing), making it likely they will continue to occur absent an injunction from this Court. Thus, Defendant's acts have an impact upon the public interest.

71. The RiverDogs are entitled to treble damages for Defendant's willful or knowing violation of S.C. Code § 39-5-140, and attorney's fees and costs, pursuant to S.C. Code § 39-5-140.

## FOR A FIFTH CAUSE OF ACTION
### (Trademark Infringement Under Common Law)

72. The RiverDogs repeat and reallege the allegations set forth in the previous paragraphs as if set forth herein verbatim.

73. The RiverDogs exclusively own the RiverDogs Trademarks.

74. The RiverDogs created and use its name and logo in furtherance of its enterprise, including on the team's uniforms, stadium, merchandise (including clothing items), advertising, marketing materials, mascots, staff attire, truck, and other items.

75. The RiverDogs registered the RiverDogs Trademarks and used its name and logo long before Defendant existed.

76. As set forth herein, Defendant wrongfully uses the term "Riverdog" in its name.

77. As set forth herein, Defendant has wrongfully created and wrongfully uses a logo substantially similar to that of the RiverDogs.

78. The RiverDogs have not authorized Defendant to use the term "Riverdog" in its name, nor have the RiverDogs authorized Defendant to its existing logo or any other logo similar to that of the RiverDogs.

79. Thus, Defendant has knowingly infringed, and continues to infringe, upon the RiverDogs' intellectual property rights, including but not limited to those afforded by RiverDogs Trademarks and the RiverDogs' logo.

80. As set forth herein, Defendant's infringement of the RiverDogs' intellectual property rights, including but not limited to those afforded by the RiverDogs Trademarks and the RiverDogs' name and logo, has the potential to cause, and has actually caused, confusion as consumers, prospective consumers, fans of the RiverDogs, and others, have been led to believe that the RiverDogs own, operate, endorse, sponsor, or are otherwise associated with Defendant because of Defendant's use both of the term "Riverdog" in its name as well as a logo nearly identical to that of the RiverDogs.

### FOR A SIXTH CAUSE OF ACTION
(Unjust Enrichment)

81. The RiverDogs repeat and reallege the allegations set forth in the previous paragraphs as if set forth herein verbatim.

82. By infringing upon the RiverDogs Trademarks and other intellectual property rights of the RiverDogs through Defendant's use of the term "Riverdog" in its name, particularly alongside Defendant's use of a logo substantially similar to that of the

RiverDogs, Defendant has received a non-gratuitous benefit from the RiverDogs Trademarks and the RiverDogs' other intellectual property rights.

83. Defendant has actually realized such a benefit because Defendant has grown its business and profited off its infringement of the RiverDogs Trademarks and other intellectual property rights of the RiverDogs. Among other reasons, by using the term "Riverdog" in its name, particularly alongside its logo, in Charleston, South Carolina—the RiverDogs' primary operating territory—Defendant has unfairly capitalized on the RiverDogs Trademarks and other intellectual property rights of the RiverDogs.

84. An unfair result would arise if Defendant retains this benefit and continues to unfairly capitalize on the RiverDogs Trademarks and other intellectual property rights of the RiverDogs without paying the RiverDogs fair value.

WHEREFORE, the RiverDogs demand a jury trial on all causes of action in which it may be entitled and further respectfully ask this Court to issue an Order in the RiverDogs' favor on each and every claim set forth above and to award relief, including, but not limited to, the effect of the following:

(a) That Defendant has infringed upon the RiverDogs Trademarks in violation of the Lanham Act, 15 U.S.C. § 1114;
(b) That Defendant has infringed upon the RiverDogs' intellectual property rights in violation of the Lanham Act, 15 U.S.C. § 1125(a);
(c) That Defendant has diluted the distinctiveness of the RiverDogs Trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(c);
(d) That Defendant has violated the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10, *et seq.*, by infringing upon the RiverDogs' Trademarks and the other intellectual property rights of the RiverDogs;
(e) That Defendant has violated the RiverDogs' Trademarks and other intellectual property rights of the RiverDogs in violation of common law;

(f) That an injunction be issued enjoining and restraining Defendant, requiring Defendant cease its use of the term "Riverdog" in its name and that Defendant change its logo;

(g) That an injunction be issued enjoining and restraining Defendant's trademark application for the term "Riverdog Moving" from being deemed legally valid and enforceable;

(h) That Defendant be ordered to cancel or abandon its trademark application for the term "Riverdog Moving" or otherwise amend such application to avoid infringing on the RiverDog Trademarks and other intellectual property rights of the RiverDogs;

(i) That Defendant be ordered to account for and disgorge to the RiverDogs all profits realized from its unlawful use of the RiverDogs Trademarks and other intellectual property rights pursuant to 15 U.S.C. § 1117;

(j) That Defendant is liable to the RiverDogs for actual, consequential, treble, and punitive damages, including treble damages as permitted by 15 U.S.C. § 1117;

(k) That Defendant pay the RiverDogs' attorney's fees and costs as permitted by, without limitation, 15 U.S.C. § 1117;

(l) That Defendant pay the RiverDogs fair value for Defendant's unjust enrichment as described herein; and

(m) For such other and further relief as this Court may deem just, equitable, and proper.

*[Signature Page Follows]*

[*Signature Page to Complaint*]

                        Respectfully submitted,

                        FORD WALLACE THOMSON, LLC

                        By: <u>s/ Neil D. Thomson</u>
                        Neil D. Thomson (Fed. ID No. 9386)
                            Neil.Thomson@FordWallace.com
                        Robert E. Byrd (Fed. ID No. 14367)
                            Robert.Byrd@FordWallace.com
                        715 King Street, Charleston, SC 29403
                        (843) 277-2011
                        www.FordWallace.com

                        *Attorneys for Plaintiff South Carolina Baseball Club L.P. d/b/a The Charleston RiverDogs*

October 6, 2025
Charleston, South Carolina